Filed 6/5/24  Carlin Law Group v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CARLIN LAW GROUP, APC,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Real Party in Interest. | G062598<br><br>(Super. Ct. No. 30-2022-01277268)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Ronald L. Bauer, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Petition denied.

Carlin Law Group and Kevin R. Carlin for Petitioner.

No appearance for Respondent.

University of California Office of the General Counsel and John G. Gherini for Real Party in Interest.

*         *         *

Carlin Law Group, APC (Carlin), a construction law firm, filed a notice of appeal from a judgment of dismissal with prejudice of its action against the Regents of the University of California (Regents), filed pursuant to the California Public Records Act (CPRA; Gov. Code, § 7920.000 et seq.).[1] We deem Carlin's notice of appeal to be a petition for a writ of mandate and deny it.

Carlin's admission in its first amended complaint (complaint) that all the records it sought from the University of California, Irvine (UCI) under the CPRA had been produced rendered its action for relief under the CPRA moot. The trial court therefore properly sustained the Regents' demurrer to the complaint without leave to amend. We also deny Carlin's request that we exercise our discretion, as an exception to the mootness doctrine, to decide whether section 7922.525 of the CPRA requires UCI to "immediately" make public records available for inspection at any time during business hours to anyone who shows up unannounced and makes a demand for them on the spot. We find Carlin has not presented a substantial issue of continuing public importance that is likely to recur and evade review if we do not decide it now.

FACTS AND PROCEDURAL HISTORY

Carlin made a written request to UCI's Public Records Office (PRO) on June 13, 2022, for production of records in the possession of UCI's construction

---

[1] The CPRA, previously codified as Government Code section 6250 et seq., was repealed and recodified as Government Code section 7920.000 et seq. without substantive change under the CPRA Recodification Act of 2021 (Gov. Code, § 7920.005) effective January 1, 2023. (Stats. 2021, ch. 614, §§ 1–2.) For the sake of clarity, citations in this opinion are to the current version of the statute. All further statutory references are to the Government Code unless otherwise indicated.

2

department relating to UCI's Verano 8 Graduate Student Housing Project.[2] While that formal records request was pending, Carlin's principal attorney, Kevin R. Carlin (Kevin)[3], showed up in person at UCI's construction department, held himself out as a member of the public and, without mentioning the already-pending formal records request, demanded to immediately inspect the same records. UCI's construction department denied Kevin's request and referred him to PRO.

Carlin's operative complaint attached the correspondence between Carlin and UCI relating to Carlin's formal request to PRO, as well as Kevin's in-person demand for inspection of the same records at UCI's construction department. By the time Carlin filed its complaint on September 7, 2022, PRO had already produced to Carlin all of the documents it had formally requested under the CPRA.

In its complaint, Carlin alleged claims against the Regents and UCI for violation of sections 7922.525, 7922.530, and 7922.535.[4] The gravamen of Carlin's complaint is that it and "other members of the public" have been harmed by UCI's "failure to comply promptly, accurately, properly, and in full with all open-government laws applicable to [Carlin's June 13, 2022 request] and [Kevin's in-person request for the same documents]." The complaint sought to challenge only the timing and means by which the documents were produced. It did not allege any failure by UCI to produce records. As remedies, Carlin's complaint sought a declaratory judgment that the Regents did not comply with the CPRA and other laws, along with a permanent injunction

---

[2] The records sought by Carlin included the last three applications/certificates for payment submitted to UCI by the builder of the project, Hensel Phelps, including attachments and change orders reflected in the certificates.

[3] We refer to Kevin R. Carlin by his first name to avoid confusion and intend no disrespect.

[4] Carlin later dismissed UCI as a defendant. In addition, Carlin initially alleged a fourth cause of action for violation of sections 7922.600–7922.605, but voluntarily dismissed it on September 30, 2022.

(1) requiring UCI's construction department to allow immediate in-person inspections of records at any time during business hours, (2) requiring PRO to make copies of public records immediately available to requestors, and (3) requiring PRO to respond timely and properly to all public records requests.  Carlin also sought an award of attorney fees and costs.

The Regents demurred to the complaint on the ground it failed to state facts sufficient to constitute a cause of action.  (Code Civ. Proc., § 430.10, subd. (e).)  The Regents argued Carlin's claims were moot as shown on the face of the complaint.  The Regents also specially demurred to all three causes of action in the complaint.  Carlin opposed the demurrer.  On February 23, 2023, the trial court sustained the demurrer without leave to amend.[5]  The court entered judgment against Carlin on April 14, 2023, based on the February 23, 2023 minute order.[6]  Carlin filed a notice of appeal on May 3, 2023.

DISCUSSION

I.

JURISDICTION TO HEAR APPEAL

The Regents filed a motion to dismiss Carlin's appeal as untimely.  We denied that motion but invited the parties to brief (1) whether Carlin was required to file a writ petition rather than an appeal to challenge the trial court's order, and (2) if so, whether this court should treat the notice of appeal as a writ petition and allow a decision on the merits.  (See *Crews v. Willows Unified School Dist.* (2013) 217 Cal.App.4th 1368, 1378–1379 [denial of petition under the CPRA must be challenged by writ petition and

---

[5]  There is no indication in the record, and Carlin does not contend on appeal, that it requested and was denied leave to amend.

[6]  Retired judge Randell L. Wilkinson signed the judgment based on Judge Bauer's prior order sustaining the demurrer.

4

not on appeal, but award of attorney fees and costs could be challenged on appeal];
*Coronado Police Officers Assn. v. Carroll* (2003) 106 Cal.App.4th 1001, 1006.)

In the invited briefing, the Regents contend a petition for a writ of mandate was required pursuant to section 7923.500, which provides as follows: "An order of the court, either directing disclosure by a public official or supporting the decision of the public official refusing disclosure, is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ." (*Id.*, subd. (a).) For its part, Carlin contends section 7923.500 does not apply to this appellate proceeding because the trial court's order and resulting judgment did not direct disclosure by a public official or support the decision of a public official refusing disclosure.

We need not decide that issue because we exercise our discretion to treat this appeal as a petition for writ relief. (*Summers v. Superior Court* (2018) 24 Cal.App.5th 138, 142.) In so doing, we note the notice of appeal was timely filed, the issues raised are purely legal, the record is adequate for purposes of writ review, and the matter has been fully briefed.

II.

STANDARD OF REVIEW

"[O]n appeal from a dismissal after an order sustaining a demurrer, the appellate court reviews the order de novo, exercising its independent judgment whether the complaint states a cause of action as a matter of law." (*Stonehouse Homes LLC v. City of Sierra Madre* (2008) 167 Cal.App.4th 531, 539.) We treat the properly pleaded allegations of a challenged complaint as true. (*American Airlines, Inc. v. County of San Mateo* (1996) 12 Cal.4th 1110, 1118.) We consider only the allegations of a challenged complaint and matters subject to judicial notice to determine whether the facts alleged state a cause of action under any theory. (*Ibid.*) "'Further, we give the complaint a

5

reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.'" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

III.

THE TRIAL COURT PROPERLY SUSTAINED THE DEMURRER

The issue raised by Carlin on appeal is a purely legal one: whether Carlin can state a claim for declaratory relief based on its assertions that (1) PRO failed to comply with the CPRA in the timing and manner in which it responded to Carlin's public records request and (2) UCI's construction department violated section 7922.525, subdivision (a) by failing to make records available to Kevin immediately when he appeared in person during business hours and demanded to inspect them.[7]

The remedies provided under the CPRA are expressly limited to a proceeding "for injunctive or declarative relief, or for a writ of mandate . . . *to enforce [a party's] right under this division to inspect or receive a copy of any public record . . . .*" (§ 7923.000, italics added.) The court is authorized only to order the person charged with withholding the records "to disclose [the] records or show cause why that person should not do so." (§ 7923.100.)

Here, Carlin admitted in its complaint that all of the records it sought pursuant to the CPRA had been produced and the action is therefore not one to enforce a right to inspect or receive a copy of any public record. That acknowledgement made Carlin's action, brought under the CPRA, moot and subject to dismissal. "'"It is well settled that an appellate court will decide only actual controversies . . . . We will not render opinions on moot questions or abstract propositions, or declare principles of law

---

[7] Section 7922.525, subdivision (a), provides: "Public records are open to inspection at all times during the office hours of a state or local agency and every person has a right to inspect any public record, exempted as otherwise provided."

6

which cannot affect the matter at issue on appeal.'" [Citation] 'Stated differently, moot cases "are '[t]hose in which an actual controversy did exist but, by the passage of time or a change in circumstances, ceased to exist.' [Citation.]" [Citation.]' [Citation.] 'A case is moot when the decision of the reviewing court "can have no practical impact or provide the parties effectual relief."'" (*City of Gilroy v. Superior Court* (2023) 96 Cal.App.5th 818, 832, review granted Feb. 21, 2024, S282937.)[8]

Carlin's contention that it still may seek a declaratory judgment regarding the processes used by UCI in responding to its (now moot) request has been squarely rejected by other California appellate courts. (See *City of Gilroy v. Superior Court, supra,* 96 Cal.App.5th at p. 828, review granted; *id*. at pp. 832–833 [holding the CPRA does not provide for declaratory relief other than to determine a public agency's obligation to disclose records, so a party requesting records may not seek declaratory relief regarding "the propriety of [the responding party's] past conduct in responding to [the] public records requests"]; *County of Santa Clara v. Superior Court* (2009) 171 Cal.App.4th 119, 127 [the CPRA provides no judicial remedy other than to determine whether a particular record or class of records must be disclosed]; *Rogers v. Superior Court* (1993) 19 Cal.App.4th 469, 483 [there is no remedy in the CPRA for failure to timely comply with a request for records].)

In the context of this case, we agree with the holding of these authorities. Carlin's CPRA action became moot once the records were produced in full, a fact that was alleged on the face of the complaint.

Carlin nevertheless asks us to exercise our discretion to decide the merits of its contention that UCI is obligated to immediately produce records to any member of the public who shows up unannounced during business hours and makes a records request.

---

[8] Pending review, the Supreme Court expressly authorized the citation of the opinion of the Court of Appeal, published at 96 Cal.App.5th 818.

Carlin cites *People v. Alsafar* (2017) 8 Cal.App.5th 880 and *Citizens Oversight, Inc. v. Vu* (2019) 35 Cal.App.5th 612, for the proposition that this court has discretion to decide a moot issue that involves a substantial and continuing public interest that is capable of repetition yet evading review. He is not wrong about that; we do have such discretion. But we do not find the issue raised by Carlin to present a substantial issue of public interest that is likely to recur and evade review.[9] We therefore decline to exercise our discretion in this case.

Read in the light most favorable to Carlin, the complaint does not allege a cause of action for which relief can be granted. The trial court properly dismissed it.

---

[9] In reaching this conclusion, we note that sections of the CPRA that follow immediately after section 7922.525 (the statute on which Carlin relies) expressly provide a responding agency time to respond to CPRA requests and for extensions of time. (See § 7922.535, subds. (a) [agency has 10 days to determine whether a CPRA request seeks copies of disclosable public records in agency's possession] & (b) [permitting agency to extend time limit by written notice in certain circumstances].) Carlin cites no authority for his contention that the timing provisions of section 7922.535 apply only to requests for "copies" of public records, but not to "inspection" requests under section 7922.525. Under Carlin's view of the statutory scheme, any member of the public could walk into an agency's office and demand to immediately inspect any document in the agency's possession, and the agency would be compelled to drop whatever it was doing and immediately comply without first having an opportunity to evaluate the request (if necessary, by consulting with agency counsel) to determine whether any of the requested documents in its possession are in fact public records subject to the CPRA or exempt or otherwise not subject to disclosure under the statute. (See *California State University, Fresno Assn., Inc. v. Superior Court* (2001) 90 Cal.App.4th 810, 824 ["'the mere custody of a writing by a public agency does not make it a public record subject to the CPRA'"].) Carlin gives us no reason to believe the Legislature intended to impose such an onerous and unworkable burden on every state agency subject to the CPRA.

8

## DISPOSITION

The petition for a writ of mandate is denied.  Costs in this proceeding are awarded to the Regents pursuant to California Rules of Court, rule 8.493(a)(1)(A).


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.