Filed 7/30/18

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S231765 |
| v. | ) | |
| | ) | Ct.App. 2/8 B262023 |
| STEVENSON BUYCKS, | ) | |
| | ) | Los Angeles County |
| Defendant and Respondent. | ) | Super. Ct. No. NA097755 |
| _____ | ) | |
| | ) | |
| THE PEOPLE, | ) | |
| | ) | S232900 |
| Plaintiff and Respondent, | ) | |
| | ) | Ct.App. 4/1 D066907 |
| v. | ) | |
| | ) | Imperial County |
| LAURA REYNOSO VALENZUELA, | ) | Super. Ct. No. JCF32712 |
| | ) | |
| Defendant and Appellant. | ) | |
| _____ | ) | |
| | ) | S238888 |
| | ) | |
| In re JOHN MANUEL GUIOMAR | ) | Ct.App. 6 H043114 |
| | ) | |
| on Habeas Corpus. | ) | Monterey County |
| | ) | Super. Ct. Nos. |
| _____ | ) | SS131590A, SS131650A |

At the November 4, 2014 General Election, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47). Proposition 47 reclassified as misdemeanors certain offenses that previously were

felonies or "wobblers."[1]  It also added Penal Code section 1170.18,[2] which

permits those previously convicted of felony offenses that Proposition 47 reduced

to misdemeanors to petition to have such felony convictions resentenced or

redesignated as misdemeanors.  Section 1170.18 allows those currently serving

sentences for Proposition 47 eligible felony convictions to petition to have their

sentences recalled and be "resentenced to a misdemeanor."  (§ 1170.18, subd. (b).)

It also allows those who have already completed their sentences for Proposition 47

eligible felony convictions to petition to have their convictions "designated as

misdemeanors."  (§ 1170.18, subd. (f).)  Once an offense is resentenced or

redesignated as a misdemeanor it "shall be considered a misdemeanor for all

purposes."  (Pen. Code, § 1170.18, subd. (k).)

We granted review in three cases to resolve similar issues concerning

Proposition 47's effect on felony-based enhancements in resentencing proceedings

under section 1170.18.  In *People v. Buycks* (S231765), we address whether

Proposition 47 requires the dismissal of a two-year sentencing enhancement for

committing a felony offense while released on bail for an earlier felony offense

(§ 12022.1, subd. (b)) when that earlier felony offense is reduced to a

misdemeanor under section 1170.18.  In *People v. Valenzuela* (S232900), we

address whether Proposition 47 requires the dismissal of a one-year sentencing

enhancement for having served a prior prison term (§ 667.5, subd. (b)) when the

felony underlying that prior prison term has been reduced to a misdemeanor under

---

[1]    Wobblers are "a special class of crimes involving conduct that varies
widely in its level of seriousness," and may therefore be "chargeable or . . .
punishable as either a felony *or* a misdemeanor."  (*People v. Park* (2013) 56
Cal.4th 782, 789 (*Park*); see also *People v. Kunkel* (1985) 176 Cal.App.3d 46, 51,
fn. 3.)

[2]    All statutory references are to the Penal Code unless otherwise noted.

section 1170.18. In the third matter, *In re Guiomar* (S238888), we consider whether Proposition 47 requires the dismissal of a failure to appear for a felony charge under section 1320.5 when the underlying felony has subsequently been reduced to a misdemeanor under the initiative.

We conclude that Proposition 47's mandate that the resentenced or redesignated offense "be considered a misdemeanor for all purposes" (§ 1170.18, subd. (k)) permits defendants to challenge felony-based section 667.5 and 12022.1 enhancements when the underlying felonies have been subsequently resentenced or redesignated as misdemeanors. As explained below, under some circumstances such challenges may be brought in a resentencing procedure under section 1170.18; they may also be brought on petition for writ of habeas corpus, in reliance on the retroactivity principle of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). In the latter instance, relief is limited to judgments that were not final at the time the initiative took effect on November 5, 2014. We further conclude, however, that those convicted under section 1320.5 cannot obtain similar relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Defendant Stevenson Buycks

In November 2013, defendant Stevenson Buycks pleaded guilty to felony possession of narcotics in violation of Health and Safety Code section 11350, subdivision (a), in case No. BA418285. The trial court ordered Buycks to enroll in a one-year, live-in treatment program in lieu of a prison sentence and released him on his own recognizance.

However, in December 2013, Buycks was caught shoplifting at a Home Depot, resisted theft-prevention officers who tried to apprehend him, wielded a knife, escaped in a van, and then was chased by police until his van was rammed to a stop by a police car. Buycks had also abandoned his drug treatment program,

3

and, in late December 2013, the trial court sentenced him to three years in state prison based on his earlier conviction for felony possession of narcotics in case No. BA418285.

Regarding his second case involving the Home Depot-related crimes, case No. NA097755, Buycks was charged with two counts of second degree robbery in violation of section 211, one count of petty theft by a person with three prior convictions in violation of section 666, subdivision (a), and one count of evading a police officer in violation of Vehicle Code section 2800.2, subdivision (a).

Because he had committed these new felonies while released on his own recognizance on the earlier felony for possession of narcotics, Buycks was also charged in this second case with an on-bail (or released on own recognizance) enhancement under section 12022.1, subdivision (b). That subdivision provides: "Any person arrested for a secondary [felony] offense that was alleged to have been committed while that person was released from custody on a primary [felony] offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court." (§ 12022.1, subd. (b).)

On August 28, 2014, Buycks entered a negotiated plea of no contest to a single count of petty theft with a prior, a felony, and evading a police officer, also a felony. He admitted he had committed those offenses while released on his own recognizance in the first felony case (§ 12022.1), and that he had served two prior prison terms (§ 667.5, subd. (b)). He was sentenced that same day to seven years eight months, which included two years for the section 12022.1 enhancement. That judgment became final 60 days later.

After the voters approved Proposition 47 in the November 4, 2014 General Election, Buycks successfully petitioned for resentencing in case No. BA418285, with the court granting his request to resentence his narcotics conviction to a

4

misdemeanor in early January 2015. He also successfully petitioned under Proposition 47 for resentencing in his case No. NA097755, with the court granting his request to resentence his petty theft with a prior conviction to a misdemeanor in late January 2015. The resentencing court, however, rejected Buycks' argument that his section 12022.1 enhancement no longer applied because the narcotics offense for which he had been released on bail when he committed his Home Depot-related crimes was no longer a felony because of the passage of Proposition 47. The resentencing court reasoned that, at the time Buycks committed his Home Depot-related felonies, his earlier offense was still a felony and that Proposition 47 did not apply to his section 12022.1 enhancement. In resentencing defendant, the court restructured defendant's sentence to make his conviction for felony evading a police officer as the principal term and imposed a full base term of three years, the maximum possible sentence, plus the enhancements for an aggregate sentence of 7 years.

Buycks appealed the resentencing in this second case, contending that his section 12022.1 enhancement should not have been reimposed by the resentencing court because the narcotics offense for which he had been released on his own recognizance had been resentenced as a misdemeanor. The Court of Appeal agreed, concluding that when Buycks' Proposition 47 petition was granted in his second case, he was "subject to a *full* resentencing" in that case, and the trial court "was required to reevaluate the applicability of section 12022.1 *at that time*."

We granted review on our own motion.

### B. Defendant Laura Reynoso Valenzuela

In October 2012, defendant Laura Valenzuela was convicted of the felony of receiving stolen property under section 496 in case No. JCF28616, and she was sentenced to serve a 16-month prison term.

5

In September 2014, a jury in case No. JCF32712 found Valenzuela guilty of carjacking in violation of section 215, subdivision (a), reckless evasion of a peace officer in violation of Vehicle Code section 2800.2, subdivision (a), and possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a). Because all three offenses involved a "felony for which a prison sentence or a sentence of imprisonment in a county jail" (§ 667.5, subd. (b)) could be imposed, these new crimes subjected Valenzuela to a prior felony prison term enhancement for her prior conviction in case No. JCF28616, requiring the court to "impose a one-year term for each prior separate prison term or county jail term imposed . . . for any [prior] felony" (*ibid.*).

Valenzuela waived her right to a jury trial on her prior felony prison term enhancement allegations under section 667.5, subdivision (b), and the trial court found true an enhancement based on her 2012 receipt of stolen property conviction in case No. JCF28616. As a result, at her sentencing in October 2014, Valenzuela received a one-year consecutive term for the section 667.5, subdivision (b) enhancement, with a total term of six years eight months in prison. She then filed a notice of appeal concerning this second matter.

After the November 2014 general election, and while her appeal was still pending, Valenzuela successfully petitioned to have her conviction for receipt of stolen property in case No. JCF28616 redesignated as a misdemeanor.

On appeal, Valenzuela contended that the appellate court should reduce her narcotics offense to a misdemeanor.[3] She further asserted that Proposition 47

---

[3] Valenzuela also attempted to petition the trial court to have her conviction for possession of methamphetamine reduced to a misdemeanor in her second case that was then on appeal, but the trial court took the matter off its calendar, believing that it lacked jurisdiction pending the outcome of the appeal.

6

required the appellate court to strike her one-year section 667.5, subdivision (b) prior felony prison term enhancement because her 2012 receipt of stolen property conviction in case No. JCF28616 had been reduced to a misdemeanor. The Court of Appeal refused to reduce her narcotics offense to a misdemeanor, stating that she must renew her petition in the trial court, and rejected her argument to strike the enhancement. It noted that at the time Valenzuela was sentenced, her prior conviction was still a felony, and that the purpose of section 667.5 is to punish for recidivist conduct. The Court of Appeal also concluded that nothing in Proposition 47 indicated an intent to retroactively ameliorate the collateral consequences of felonies reduced to misdemeanors.

We granted Valenzuela's petition for review.

### C. Petitioner John Manuel Guiomar

In March 2014, petitioner John Manuel Guiomar pleaded guilty regarding separate incidents in separate case numbers to felony second degree robbery (§ 211), felony burglary (§ 459), and felony possession of a controlled substance (Health & Saf. Code, § 11350) in case No. SS130616A. Guiomar also pleaded guilty to the crime of failure to appear (Pen. Code, § 1320.5) while on bail for the felony possession of a controlled substance charge in case No. SS131650A. Under section 1320.5, "[e]very person who is charged with or convicted of the commission of a felony, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony." Guiomar's aggregate sentence for all four cases was six years, with the trial court imposing an eight-month term for his section 1320.5 failure to appear conviction, to run consecutive to the other offenses.

After passage of Proposition 47, Guiomar successfully petitioned for resentencing to reduce both his prior burglary conviction and his prior possession

7

of a controlled substance conviction in case No. SS130616A to misdemeanors. At his May 6, 2015 resentencing hearing, Guiomar was not present but was represented by counsel. Although the resentencing court granted Guiomar's request to reduce both felonies to misdemeanors, it restructured his sentence to again reflect an aggregate sentence of six years by imposing a six-year term for the robbery. The resentencing court did not dismiss the section 1320.5 count for the failure to appear while on a bail for a felony in case No. SS131650A, and it imposed the sentence for that offense as a four-year term concurrent to the term for the other offenses. The clerk's minutes indicate that the trial court resentenced Guiomar "pursuant to stipulation," although it was unclear whether that referred to his original March 2014 plea agreement or a new stipulation entered at the Proposition 47 resentencing. Guiomar unsuccessfully sought reconsideration of his sentence by filing a petition for writ of habeas corpus with the resentencing court.

Guiomar then filed a petition for writ of habeas corpus with the Court of Appeal, raising sentencing issues and alleging ineffective assistance of counsel at his resentencing hearing. That petition was supplemented by his counsel, raising additional sentencing issues. The Court of Appeal issued orders to show cause on both petitions.

The Court of Appeal rejected Guiomar's claim that the resentencing court lacked jurisdiction to resentence him on counts unaffected by Proposition 47. (*In re Guiomar* (2016) 5 Cal.App.5th 265, 273-275.) The Court of Appeal also rejected his claim of ineffective assistance of counsel, concluding that Guiomar was not prejudiced by his counsel's failure to object to the restructuring of Guiomar's sentence to impose the same six-year aggregate term because these resentencing decisions were within the court's discretion. The Court of Appeal further held that the reimposition of the section 1320.5 conviction was proper

8

because, at the time of his failure to appear, Guiomar was charged with a felony, notwithstanding the fact that the felony was ultimately reduced to a misdemeanor conviction under Proposition 47. (*In re Guiomar*, at pp. 275-277.)

We granted Guiomar's petition for review.

## II. DISCUSSION

In addressing Proposition 47's collateral effect on enhancements and offenses attached to convictions reduced to misdemeanors, we proceed as follows.

First, we will consider the terms of and intent behind the pertinent provisions of Proposition 47, including the significance of Proposition 47's mandate that the felonies reduced[4] under its provisions "shall be considered a misdemeanor for all purposes." (Pen. Code, § 1170.18, subd. (k).) From this, we conclude that the "misdemeanor for all purposes" provision operates prospectively — by having ameliorative effect on any new collateral consequence imposed after a successful Proposition 47 resentencing. However, because Proposition 47 is a measure designed to ameliorate punishment, the "misdemeanor for all purposes" language also requires felony-based section 667.5 and 12022.1 enhancements to

---

[4] As previously explained, Proposition 47 enacted two petitioning procedures for those already convicted of felonies that the initiative reclassified as misdemeanors. Those currently serving felony sentences for Proposition 47 eligible offenses may petition to have their sentences recalled and be "resentenced to a misdemeanor." (§ 1170.18, subd. (b).) Those who have already completed their felony sentences for Proposition 47 eligible offenses may petition to have their felony convictions be "designated as misdemeanors." (§ 1170.18, subd. (f).) Regardless of whether a court has resentenced a crime as a misdemeanor or has redesignated a crime as a misdemeanor, we will generally use the term "reduced" to refer to both circumstances, unless otherwise noted.

9

be retroactively stricken, but only with regard to judgments that were not final at the time the initiative took effect.[5]

Second, we will examine the Attorney General's various arguments contending that Proposition 47 cannot upset felony-based enhancements already imposed, notwithstanding the fact that the underlying felony offense had been reduced to a misdemeanor under the proposition. This review leads us to conclude that Buycks and Valenzuela are entitled to relief under the initiative, but that Guiomar is not, because a section 1320.5 offense is not premised on the conviction status of the felony for which the defendant failed to appear.

### A.  The Relevant Provisions of Proposition 47

As previously discussed, at the November 4, 2014 General Election, California voters approved Proposition 47. The measure amended portions of the Health and Safety Code and the Penal Code to reclassify certain drug possession and theft-related offenses from felonies or wobblers to misdemeanors, with limited exceptions for those offenders having certain prior convictions that are not relevant in the present matters. (§ 1170.18, subds. (a), (i).) The measure also added sections to the Government Code that assessed the annual savings generated from the act and invested those savings in various crime prevention and treatment programs. (Gov. Code, §§ 7599-7599.2.)

In addition to its reclassification of certain felonies to misdemeanors, Proposition 47 created procedures to ameliorate convictions for those currently serving a sentence for a qualifying felony, as well as those who have completed their sentences for a qualifying felony, regardless of whether those judgments are

---

[5]    A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired. (*People v. Kemp* (1974) 10 Cal.3d 611, 614.)

final.  (§ 1170.18, subds. (a), (f).)  These provisions are expressly retroactive in their effect by permitting persons "who would have been guilty of a misdemeanor under" the measure had it "been in effect at the time of the offense" to petition to seek relief.  (*Ibid.*)  For those currently serving a sentence for a qualifying felony, Proposition 47 contains a discretionary component under which the resentencing court must assess whether "resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)  For those who have completed their sentences for a qualifying felony, the resentencing court, upon receiving an application from a person with a qualifying felony conviction, "shall designate the felony offense or offenses as a misdemeanor." (*Id.*, subd. (g).)

Although no provision enacted by Proposition 47 expressly addresses whether the measure has any mitigating effect on felony-based enhancements or a felony failure to appear in which the underlying felony is reduced to a misdemeanor, section 1170.18, subdivision (k), which was enacted by that initiative, is relevant to the issue.  That subdivision states, in relevant part, that a "felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes . . . ."[6]  (§ 1170.18, subd. (k).)

Finally, uncodified sections of Proposition 47 informed voters that the act "shall be broadly construed to accomplish its purposes," and that its provisions "shall be liberally construed to effectuate its purposes."  (Voter Information

---

[6]     This provision contains an exception stating that "resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm" nor prevent a conviction under provisions prohibiting certain narcotics offenders from possessing firearms.  (§ 1170.18, subd. (k).)

Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 15, 18, p. 74 (Voter Information Guide).)

## B. Proposition 47 Mitigates the Collateral Consequences of Felony Convictions Reduced to a Misdemeanor for All Purposes

Proposition 47 enabled the two defendants and the single petitioner in these consolidated matters to petition to have their various narcotics offenses and larceny-related convictions to be retroactively reduced to misdemeanors. As described above, all three successfully did so.

At issue, in all three of these cases, are the collateral consequences of the reduction received under Proposition 47 on each subsequent offense at issue. Our courts have characterized "the possibility of increased punishment in the event of a subsequent conviction" as "a collateral consequence." (*People v. Crosby* (1992) 3 Cal.App.4th 1352, 1355, citing *Carter v. Municipal Court* (1983) 149 Cal.App.3d 184, 190; *Hartman v. Municipal Court* (1973) 35 Cal.App.3d 891, 893.) In all three cases before us now, each criminal litigant received additional punishment based on the circumstance that he or she was originally charged with a felony crime and sentenced as a convicted felon. Even though the resentencing courts had converted each underlying felony conviction to a misdemeanor under Proposition 47, in each matter, the trial court declined to give retroactive relief for any collateral consequence attached to that underlying felony conviction for purposes of the criminal litigant's new sentence.

But in addition to affording persons the ability to retroactively have their felony convictions be reduced to misdemeanors, Proposition 47, through section 1170.18, subdivision (k), mandates that the reduced conviction "*shall be considered a misdemeanor for all purposes*." (Italics added.) Subdivision (k) of section 1170.18, therefore, plainly extends the retroactive ameliorative effects of Proposition 47 to mitigate any *future* collateral consequence of a felony conviction

12

that is reduced under the measure.  And yet, subdivision (k) is silent concerning whether it also *retroactively* mitigates the already-imposed collateral consequence of a felony conviction that is subsequently reduced under the measure.

The Attorney General agrees that the phrase "misdemeanor for all purposes" in section 1170.18, subdivision (k) means that those who successfully obtain resentencing of their felony convictions to misdemeanors under Proposition 47 may not be *subsequently* subject to a felony-based enhancement for that reduced conviction.[7]  Instead, the Attorney General argues that voters did not intend for Proposition 47 to retroactively reach back to unravel a felony-based conviction or a felony-based enhancement that had already been imposed *before* any successful petition for resentencing under section 1170.18, even if that judgment was not final.  He contends a resentencing under section 1170.18 has only a forward ameliorative effect on any new collateral consequence that is imposed *after* a successful Proposition 47 resentencing.

We disagree.  As we will explain, based on established presumptions we apply to measures designed to ameliorate punishment, a successful Proposition 47 petitioner may subsequently challenge, under subdivision (k) of section 1170.18, any felony-based enhancement that is based on that previously designated felony,

---

[7]     Several published Court of Appeal decisions have agreed that the phrase "misdemeanor for all purposes" in section 1170.18, subdivision (k) means that those who successfully obtain resentencing of their felony convictions to misdemeanors under Proposition 47 may not be subsequently subject to a felony-based enhancement for that reduced conviction.  (*People v. Call* (2017) 9 Cal.App.5th 856; *People v. Kindall* (2016) 6 Cal.App.5th 1199; *People v. Jones* (2016) 1 Cal.App.5th 221, 230, fn. 5; *People v. Abdallah* (2016) 246 Cal.App.4th 736.)  We approve of these decisions, including those rejecting the claim that the right to equal protection of the laws requires section 1170.18, subdivision (k) to be given full retroactive effect, regardless of its effective date.  (See also *People v. Floyd* (2003) 31 Cal.4th 179, 191.)

now reduced to misdemeanor, so long as the judgment containing the enhancement was not final when Proposition 47 took effect. In addition, finality aside, a defendant who successfully petitions for resentencing on a current Proposition 47 eligible conviction may, at the time of resentencing, challenge a felony-based enhancement contained in the same judgment because the prior felony conviction on which it was based has since been reduced to a misdemeanor.

### C. The Meaning of the Phrase "Misdemeanor for All Purposes" in Proposition 47

#### 1. Section 1170.18, subdivision (k) cannot be construed as having the same retroactive effect of other provisions in Proposition 47

"In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) Where a law is adopted by the voters, "their intent governs." (*People v. Jones* (1993) 5 Cal.4th 1142, 1146.) In determining that intent, "we turn first to the language of the statute, giving the words their ordinary meaning." (*People v. Birkett* (1999) 21 Cal.4th 226, 231.) But the statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) We apply a presumption, as we similarly do with regard to the Legislature, that the voters, in adopting an initiative, did so being "aware of existing laws at the time the initiative was enacted." (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1048.)

Concerning whether a new law applies both prospectively and retroactively, the rules are well established. No part of the Penal Code "is retroactive, unless expressly so declared." (§ 3.) "[T]he language of section 3 erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively

14

unless it is very clear from extrinsic sources that the [lawmakers] . . . must have intended a retroactive application.' [Citations.] Accordingly, ' "a statute that is ambiguous with respect to retroactive application is construed . . . to be unambiguously prospective." ' " (*People v. Brown* (2012) 54 Cal.4th 314, 324.)

As discussed above, subdivision (k) of section 1170.18 is silent concerning whether reduced convictions under Proposition 47 must be "considered a misdemeanor for all purposes" retroactively so as to undo the collateral consequences of those convictions that were imposed before the measure took effect. Nevertheless, the fact that the authors of Proposition 47 twice expressly made references to the retroactive effect of the measure in some of its provisions but did not explicitly do so for subdivision (k) of section 1170.18 is significant. "When the Legislature 'has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded.' " (*Pasadena Police Officers Assn. v. City of Pasadena* (1990) 51 Cal.3d 564, 576.) Therefore, if subdivision (k) of section 1170.18 was intended to have the identical broad retroactive effects as the provisions permitting both incarcerated and released persons to petition to have their qualifying felony convictions reduced to misdemeanors, it could have used the same clear retroactive language used in subdivisions (a) and (f). As we will explain, it did not.

In *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, this court refused to read a retroactivity clause into a voter-approved initiative for tort reform where the measure was silent as to whether it had any retroactive effect. We observed that because "initiative measures are subject to the ordinary rules and canons of statutory construction [citations], informed members of the electorate who happened to consider the retroactivity issue would presumably have concluded that the measure — like other statutes — would be applied prospectively because

15

no express provision for retroactive application was included in the proposition." (*Id*. at pp. 1212-1213.)

This logic applies with even greater force here where subdivisions (a) and (f) of section 1170.18 both clearly reflect an intent to have full retroactive application, whereas subdivision (k) uses no similar language. As a result, in the absence of any express declaration of retroactive application, the default presumption applies to subdivision (k) so that its effect operates only prospectively.

> ### 2. *The* Estrada *rule permits section 1170.18, subdivision (k) to retroactively apply to nonfinal judgments*

Although subdivision (k) of section 1170.18, unlike other provisions of Proposition 47, contains no provision concerning retroactivity, it also contains no provision categorically *precluding* its capacity to have any constitutionally permissible retroactive effect. Moreover, this provision is directly connected to other parts of Proposition 47 that premise eligibility for resentencing by looking backward to those persons "who would have been guilty of a misdemeanor under" the measure had it "been in effect at the time of the offense" and allow them to petition to seek relief. (§ 1170.18, subds. (a), (f).) Thus, construing statutory language in the context of the measure as a whole, the "for all purposes" phrase of section 1170.18, subdivision (k) is rooted in an overall scheme that is undeniably intended to have a retroactive effect. This observation is important because Proposition 47 as a whole, including subdivision (k) of section 1170.18, is intended to ameliorate criminal punishment. This invokes a limited rule of retroactivity that applies to newly enacted criminal statutes intended to reduce punishment for a class of offenders.

Under such circumstances, we presume that newly enacted legislation mitigating criminal punishment reflects a determination that the "former penalty

16

was too severe" and that the ameliorative changes are intended to "apply to every case to which it constitutionally could apply," which would include those "acts committed before its passage[,] provided the judgment convicting the defendant of the act is not final." (*Estrada*, *supra*, 63 Cal.2d at p. 745.) The *Estrada* rule rests on the presumption that, in the absence of a savings clause providing only prospective relief or other clear intention concerning any retroactive effect, "a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not." (*People v. Conley* (2016) 63 Cal.4th 646, 657, citing *Estrada*, at p. 745.) "The rule in *Estrada* has been applied to statutes governing penalty enhancements, as well as to statutes governing substantive offenses." (*People v. Nasalga* (1996) 12 Cal.4th 784, 792; see also *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 301; *People v. Vinson* (2011) 193 Cal.App.4th 1190, 1198; *People v. Figueroa* (1993) 20 Cal.App.4th 65, 69-71; *People v. Vasquez* (1992) 7 Cal.App.4th 763, 767-768.)

Most recently, we concluded that the *Estrada* rule did not apply to a narrow class of defendants seeking relief under Proposition 47. Specifically, we held that the measure did not entitle defendants who were sentenced before Proposition 47's effective date, but whose judgments were not yet final, to an automatic reduction and resentencing of their felony convictions. These defendants, we held, must instead petition for resentencing under the resentencing provision of section 1170.18, subdivision (a). (*People v. DeHoyos* (2018) 4 Cal.5th 594 (*DeHoyos*).)

This conclusion, we determined, followed from specific provisions within Proposition 47. The resentencing provision of Proposition 47 is not silent concerning the question of retroactivity, but instead expressly provides a resentencing procedure for all "who were 'serving a sentence' for a covered offense as of Proposition 47's effective date." (*DeHoyos*, *supra*, 4 Cal.5th at p.

17

603, quoting § 1170.18, subd. (a).)  We further noted that this language "draws no express distinction between persons serving final sentences and those serving nonfinal sentences, instead entitling both categories of prisoners to petition courts for recall of sentence."  (*Id*. at p. 603.)  We also observed that both the resentencing provision of Proposition 47 and the measure's uncodified declared purpose made evident the intent to make resentencing of all persons serving a sentence for a Proposition 47 eligible offense "dependent on a court's assessment of the likelihood that a defendant's early release will pose a risk to public safety," regardless of the finality of the judgment.  (*DeHoyos*, at p. 603.)  Thus, the *Estrada* rule of retroactivity had no application to persons serving a sentence for a Proposition 47 eligible offense when the measure took effect because the legislation expressly contained its own retroactivity provision for this class of persons, and it treated this class in the same manner, regardless of the finality of their judgments.

In contrast, as enacted by Proposition 47, we agree with defendant Valenzuela that the "for all purposes" provision in section 1170.18, subdivision (k) contains no savings clause indicating that it applies only prospectively, nor does it contain any language indicating that it otherwise limits or subsumes the ordinary presumption long established under the *Estrada* rule.  In fact, unlike the resentencing provision addressed in *DeHoyos*, the measure does not delineate any particular procedure to govern any relief afforded by section 1170.18, subdivision (k).

Also, in contrast to the provision we addressed in *DeHoyos*, the application of the "for all purposes" provision in section 1170.18, subdivision (k) is not restricted by any further judicial evaluation of a defendant's risk of danger to public safety.  Instead, the "for all purposes" provision takes effect after the resentencing court, under section 1170.18, subdivision (b), has assessed a

18

defendant's risk of danger to public safety in reducing the sentence for the underlying felony.[8]  (§ 1170.18, subd. (k) ["A felony conviction that is recalled and resentenced under subdivision (b) . . . shall be considered a misdemeanor for all purposes"].)

Thus, there is nothing in subdivision (k) that would have signaled to an informed voter that the well-established *Estrada* rule would not apply.  These circumstances confirm that Proposition 47 was intended to broadly mitigate the collateral penal consequences of certain narcotics and larceny-related offenses so that they could be treated as a misdemeanor for all purposes as to "to every case to which it constitutionally could apply." (*Estrada*, *supra*, 63 Cal.2d at p. 745.)

As a result, the reduction of a felony conviction to a misdemeanor conviction under Proposition 47 exists as "a misdemeanor for all purposes" prospectively, but, under the *Estrada* rule, it can have retroactive collateral effect on judgments that were not final when the initiative took effect on November 5, 2014.  (See *People v. Evans* (2016) 6 Cal.App.5th 894.)[9]  This construction comports with another provision of section 1170.18, which explicitly states that "[r]esentencing pursuant to this section does not diminish or abrogate the finality of judgments in any case that does not come within the purview of this section." (§ 1170.18, subd. (n).)

---

**8**      In *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, we recently affirmed the principle that the *Estrada* rule of retroactivity still applies even if the new legislation merely "ameliorated the *possible* punishment for a class of persons." (*Id*. at p. 308, italics added.)  Consequently, the mere fact that a resentencing under section 1170.18, subdivision (b), is not guaranteed because the resentencing court has some discretion to deny a Proposition 47 eligible defendant relief on the basis of public safety does not preclude the application of the *Estrada* rule to section 1170.18, subdivision (k).

**9**      We approve of the Court of Appeal's reasoning in this case.

19

## D. Other Contentions Against Any Retroactive Application of Section 1170.18, Subdivision (k)

### 1. *Prior interpretations of the phrase "misdemeanor for all purposes" do not preclude relief under the* Estrada *rule*

Relying on the general rule that "[i]dentical language appearing in separate provisions dealing with the same subject matter should be accorded the same interpretation" (*Walker v. Superior Court* (1988) 47 Cal.3d 112, 132), the Attorney General contends that our previous interpretation of the phrase "misdemeanor for all purposes" in another statute foreclosed any possibility in the voters' minds that subdivision (k) of section 1170.18 could be applied retroactively. We conclude that the statutory comparison is inapt under the present circumstances.

The phrase "misdemeanor for all purposes" is also used in section 17, subdivision (b), a provision that describes collateral consequences triggered when a wobbler offense[10] is ultimately sentenced as a misdemeanor. (See § 17, subd. (b) [when the court designates the wobbler as a misdemeanor, "it is a misdemeanor for all purposes"].)

In *Park*, *supra*, 56 Cal.4th 782, we addressed the significance of the phrase "misdemeanor for all purposes," as used in section 17, subdivision (b), on the application of a felony-based enhancement where the prior underlying felony, a wobbler, had been ultimately sentenced as a misdemeanor. In *Park*, the defendant had been convicted of attempted voluntary manslaughter and assault with a firearm but he also had a prior conviction of assault with a deadly weapon. By the time the defendant was sentenced for the offenses involving manslaughter, the other court handling the defendant's prior assault with a deadly weapon matter

---

[10]    See, *ante*, footnote 1.

20

reduced that offense to a misdemeanor under section 17, subdivision (b), and dismissed it after the defendant had successfully completed probation. Under these circumstances, we held that the sentencing court in the manslaughter-related offenses could not impose a five-year enhancement under section 667, subdivision (a), for the defendant having previously been convicted of a serious felony. (*Park*, at p. 787.)

In reaching this conclusion, we relied on the phrase "misdemeanor for all purposes," as used in section 17, subdivision (b). We reviewed several prior cases and noted that when a trial court reduces an offense to a misdemeanor under section 17, subdivision (b), "the statute generally has been construed in accordance with its plain language to mean that the offense is a misdemeanor 'for all purposes.' " (*Park*, *supra*, 56 Cal.4th at p. 793, citing *People v. Navarro* (1972) 7 Cal.3d 248, 271 [rendering defendant eligible for a drug addiction rehabilitation program normally foreclosed to convicted felons], *People v. Hannon* (1971) 5 Cal.3d 330, 340 [rendering defendant, who had been committed to the California Youth Authority, ineligible to be sentenced to state prison], *People v. Marshall* (1991) 227 Cal.App.3d 502, 504-505 [precluding the imposition of a five-year section 667, subdivision (a), enhancement for prior serious felony in a subsequent criminal proceeding].)

But in *Park*, we further commented that a defendant previously convicted of a wobbler felony offense "would be subject to the [felony-based] enhancement had he committed and been convicted of the present crimes *before* the court reduced the earlier offense to a misdemeanor." (*Park*, *supra*, 56 Cal.4th at p. 802, italics added.) The Attorney General emphasizes this, and also cites our decision in *People v. Feyrer* (2010) 48 Cal.4th 426 concerning the effect of a court's decision to sentence a defendant to a misdemeanor under section 17, subdivision (b). There, we stated, "If ultimately a misdemeanor sentence is imposed, the

21

offense is a misdemeanor from that point on, but not *retroactively*." (*Feyrer*, at p. 439, italics added; see also *People v. Banks* (1959) 53 Cal.2d 370, 381-382 [stating that a wobbler reduced under section 17 is considered a misdemeanor for all purposes thereafter, but not retroactively].)

The Attorney General relies on these cases to conclude that the meaning of the phrase "misdemeanor for all purposes" is similarly limited under Proposition 47 such that the criminal litigants in the present matters cannot benefit any further from Proposition 47 because they were all convicted of their subsequent offenses and enhancements *before* having their underlying felonies reduced to misdemeanors. He claims that when the voters approved Proposition 47, the electorate was presumably aware of this judicial interpretation, and must have intended the same result here.

But the rule of statutory construction that identical language appearing in other statutory provisions should be given the same interpretation applies when the provisions "deal[] with the same subject matter." (*Walker v. Superior Court*, *supra*, 47 Cal.3d at p. 132.) Proposition 47, on one hand, and section 17, subdivision (b), on the other, do not concern the same subject and serve different goals. (See *People v. Cornett* (2012) 53 Cal.4th 1261, 1269, fn. 6 [declining to apply the same meaning used in other Penal Code statutes to the phrase "10 years of age or younger" as used in § 288.7 because the other statutes "do not concern the same or an analogous subject as section 288.7"].)

Both *Park* and *Feyrer* concerned the "for all purposes" effect of a sentencing court's discretionary decision to sentence an individual defendant to a misdemeanor under the existing statutory provision of section 17, subdivision (b). We acknowledged in *Park* that, through section 17, subdivision (b), "the Legislature has empowered the courts to decide, in each individual case, whether the crime should be classified as a felony or a misdemeanor," and, in exercising

22

that discretion, "the court considers the facts surrounding the offense and the characteristics of the offender." (*Park*, *supra*, 56 Cal.4th at p. 801.)

In contrast, as previously discussed, Proposition 47 and its enactment of section 1170.18, subdivision (k), represent a change in law designed to have an ameliorative effect on punishment of offenses no longer deemed egregious enough to be handled as felonies. Proposition 47's resentencing determination is premised on a universal reclassification of certain felonies to misdemeanors. The measure further allows a whole class of persons, those previously convicted of those same offenses as felons, "who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense," to be retroactively resentenced as misdemeanants, even if those judgments are final and the persons have already completed their felony sentences. (§ 1170.18, subd. (f).)

Thus, here the "for all purposes" effect of the reduction of the underlying felony conviction to a misdemeanor under Proposition 47 is rooted in legislation intended to reform the needs of the criminal law by reducing penalties with respect to particular criminal offenses. This is unlike the circumstances in *Park* and *Feyrer*, where a section 17 sentencing determination merely serves to mitigate punishment for the unique circumstances of a single individual.

As a result, viewing section 1170.18, subdivision (k) in context of the purposes of Proposition 47, we see no reason why our prior interpretation of the phrase "misdemeanor for all purposes" in the context of section 17 forecloses the application of the *Estrada* rule.

### 2. *Punishment of recidivist offenders does not override the* Estrada *rule*

The Attorney General further argues that enhancements under sections 667.5, subdivision (b) and 12022.1, subdivision (b), are rooted in a defendant's status as a recidivist offender, and not in the specific underlying conduct. He

23

contends that Proposition 47 did not explicitly address and had no impact on any prior electorate's desire to punish recidivist offenders.

We rejected a similar argument in *Park*. There, we observed that "[w]hen the court properly exercises its discretion to reduce a wobbler to a misdemeanor, it has found that the felony punishment, *and its consequences*, are not appropriate for that particular defendant." (*Park*, *supra*, 56 Cal.4th at p. 801, italics added.) Indeed, "one of the 'chief' reasons for reducing a wobbler to a misdemeanor 'is that under such circumstances the offense is not considered to be serious enough to entitle the court to resort to it as a prior conviction of a felony for the purpose of increasing the penalty for a subsequent crime.' " (*Id*. at p. 794, quoting *In re Rogers* (1937) 20 Cal.App.2d 397, 400-401.) The same logic applies here. In directing that a qualifying conviction be treated as a misdemeanor "for all purposes," Proposition 47 fairly contemplated the consequences of this redesignation on associated enhancements like those under sections 667.5 and 12022.1.

Moreover, the fact that Proposition 47 did not expressly mention recidivist offenders does not mean that voters intended to deny those resentenced under the measure any further mitigation of their punishment stemming from the collateral consequences of their original felony conviction. The information given to voters stated that the "measure reduces *penalties* for certain offenders convicted of nonserious and nonviolent property and drug crimes" and would allow "certain offenders who have been previously convicted of such crimes to apply for reduced sentences." (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.) More specifically, it states that "the measure reduces the *penalties* for the following crimes" — listing grand theft, shoplifting, receiving stolen property, writing bad checks, check forgery, and drug possession. (*Id*. at p. 35, italics added; *id*. at p. 36.)

24

This emphasis on reduced penalties[11] for these narcotics and larceny-related offenses extends logically to enhancements and subsequent offenses connected to those offenses.  From these particular statements in the ballot materials for Proposition 47, it follows that a reduced penalty for a crime that had previously been classified as a felony would include a penalty that takes the form of an enhancement or other recidivist-based punishment that was alleged with that same felony.

In fact, as previously observed (*ante*, fn. 6), section 1170.18, subdivision (k) contains an exception stating that "resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm" or prevent a conviction under provisions prohibiting certain narcotics offenders from possessing firearms.  This single exception to the collateral effect of Proposition 47's resentencing provisions further suggests that the measure's mandate to reduce penalties for a distinct class of narcotics and larceny-related offenses otherwise fully extends to enhancements and subsequent offenses alleged with those offenses.  (*Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195 [under the canon of statutory construction of *expressio unius est exclusio alterius*, "where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed," absent "a discernible and contrary legislative intent"].)

Additionally, extending the ameliorative effects of felony convictions reduced to misdemeanor convictions under Proposition 47 to enhancements and subsequent offenses derived from those convictions — at least when the judgments involving these felony-based enhancements are not yet final for

---

[11]     Webster's defines a "penalty" as a "punishment"; a "suffering . . . which is annexed by law"; a "disadvantage . . . due to some action (as transgression or error)."  (Webster's 3d New Internat. Dict. (2002) p. 1668.)

purposes of *Estrada* — is consistent with the measure's goal to generate savings to be invested into various crime prevention and treatment programs. (See Gov. Code, §§ 7599-7599.2.) As previously explained, the measure allows those who have already completed their sentences for Proposition 47 eligible felony convictions to petition to have their convictions "designated as misdemeanors." (§ 1170.18, subd. (f).) Permitting defendants to ameliorate, under *Estrada*, their nonfinal judgments involving felony-based enhancements and felony-based offenses grounded on those reduced offenses would generate cost savings by reducing the incarceration terms for those offenders.

Lastly, Proposition 47's creation of a procedure to retroactively reduce to a misdemeanor any judgment, even those that are otherwise final, is consistent with the conclusion that the initiative should also have a limited retroactive impact on nonfinal judgments involving enhancements previously derived from those now reduced felonies.[12]

### E. Proposition 47's Application to the Enhancements in Sections 667.5 and 12022.1 and to Section 1320.5 Convictions

*1. Enhancements under section 667.5, subdivision (b)*

Turning to the specific enhancements and convictions before us, first, as to nonfinal judgments containing a section 667.5, subdivision (b) one-year enhancement, we conclude that Proposition 47 and the *Estrada* rule authorize striking that enhancement if the underlying felony conviction attached to the enhancement has been reduced to a misdemeanor under the measure.

---

[12] Accordingly, we disapprove of the Proposition 47 cases that have held that *Estrada* does not apply to enhancements because they serve to punish recidivism or because *Estrada* applies only to nonfinal judgments of conviction for a "particular criminal offense" or a "prohibited act." (*In re Diaz* (2017) 8 Cal.App.5th 812; *People v. Johnson* (2017) 8 Cal.App.5th 111.)

In sentencing a defendant for a new felony offense, a one-year sentence enhancement under section 667.5, subdivision (b) is applied "for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony."  (§ 667.5, subd. (b).)  However, the enhancement contains a "washout" exception and does not apply with regard to "any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."  (*Ibid*.)  Thus, "if a defendant is free from both prison custody and the commission of a new felony for *any* five-year period following discharge from custody or release on parole, the enhancement does not apply."  (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1229.)

On its face, section 667.5, subdivision (b) does not expressly state that a prior felony conviction is required.  But the provision's reference to a prior "prison term" necessarily must subsume the existence of a prior felony conviction that justified the imposition of that prison term.  Thus, in describing the elements required for the imposition of a section 667.5, subdivision (b) enhancement, we have stated it "requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction."  (*People v. Tenner* (1993) 6 Cal.4th 559, 563.)

With this understanding, the resentencing of a prior underlying felony conviction to a misdemeanor conviction negates an element required to support a section 667.5 one-year enhancement.[13]  A successful Proposition 47 petition or

---

[13]    We disapprove *People v. Acosta* (2016) 247 Cal.App.4th 1072 to the extent that it held that the "misdemeanor for all purposes" language of section 1170.18,

*(footnote continued on next page)*

application can reach back and reduce a defendant's previous felony conviction to a misdemeanor conviction because the defendant "would have been guilty of a misdemeanor under" the measure had it "been in effect at the time of the offense." (§ 1170.18, subds. (a), (f).) Therefore, if the "felony conviction that is recalled and resentenced . . . or designated as a misdemeanor" conviction becomes "a misdemeanor for all purposes," then it can no longer be said that the defendant "was previously convicted of a felony" (*People v. Tenner*, *supra*, 6 Cal.4th at p. 563), which is a necessary element for imposing the section 667.5, subdivision (b) enhancement. Instead, "for all purposes," it can only be said that the defendant was previously convicted of a misdemeanor.

Consequently, section 1170.18, subdivision (k) can negate a previously imposed section 667.5, subdivision (b), enhancement when the underlying felony attached to that enhancement has been reduced to a misdemeanor under the measure.

### 2. *Enhancements under section 12022.1*

Concerning nonfinal judgments containing a section 12022.1, subdivision (b) two-year enhancement, we conclude that Proposition 47 ameliorates that enhancement if one of the underlying felony convictions attached to the enhancement has been reduced to a misdemeanor under the measure.

Section 12022.1 defines the felony for which the defendant had been released from custody on bail or on own recognizance as the "primary offense,"

_____

*(footnote continued from previous page)*

subdivision (k) alters only the status of felony convictions, not the fact that the defendant has served a qualifying prior felony prison term for purposes of a section 667.5, subdivision (b) enhancement.

28

and the new felony committed while on release as the "secondary offense." (§ 12022.1, subd. (a).) "Section 12022.1 does not make the defendant's conviction of the primary offense an *element* of the enhancement for the purpose of proving the enhancement," but there must be "proof of conviction of the primary offense before the enhancement can be *imposed*." (*People v. Smith* (2006) 142 Cal.App.4th 923, 935, italics added.) Thus, a section 12022.1 enhancement allegation can be found true if the defendant committed a secondary offense while released from custody for the primary offense and is convicted of the secondary offense. But the imposition of the section 12022.1 enhancement must be stayed until the defendant is also convicted of the primary offense. (§ 12022.1, subd. (d).) Moreover, "[i]f the person is acquitted of the primary offense[,] the stay shall be permanent." (*Ibid*.; see also *In re Jovan B.* (1993) 6 Cal.4th 801, 809.) Consequently, section 12022.1 is a unique enhancement that, even if found true, cannot be *imposed* until the defendant is convicted of *both* the prior felony and the new felony committed while released on bail. (*In re Jovan B.*, at p. 809; *People v. McClanahan* (1992) 3 Cal.4th 860, 869.)

The effect of these circumstances means that if Proposition 47 can reach back and reduce to a misdemeanor the record of conviction for the primary offense, and that conviction becomes "a misdemeanor for all purposes," then the attached section 12022.1 enhancement in a nonfinal judgment remains intact but its two-year term must be struck and permanently stayed. In contrast, if Proposition 47 can reach back and reduce to a misdemeanor the record of conviction for the secondary offense, and that conviction becomes "a misdemeanor for all purposes," then the attached section 12022.1 enhancement in a nonfinal judgment must be dismissed entirely.

In either circumstance, Proposition 47 ameliorates a section 12022.1 enhancement in a nonfinal judgment if one of the underlying felony convictions

29

attached to the enhancement has been reduced to a misdemeanor conviction under the measure.

### 3. *Convictions under section 1320.5*

A very different result, however, must govern the effect of Proposition 47 on convictions for the section 1320.5 offense of failing to appear while released on bail. Under section 1320.5, "[e]very person who is *charged with* or convicted of the commission of a felony, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony." (§ 1320.5, italics added.) Under a plain reading of the statute, a section 1320.5 conviction does not require the bail jumper's felony *charge* to have resulted in a felony *conviction*. This defeats petitioner Guiomar's claim for relief under Proposition 47. The measure mandates that a "felony *conviction* that is recalled and resentenced . . . or designated as a misdemeanor . . . shall be considered a misdemeanor for all purposes . . . ." (§ 1170.18, subd. (k), italics added.) Proposition 47, therefore, ameliorates the collateral effects of felony convictions, not the collateral effects of felony charges.

Our case law supports this interpretation of section 1320.5. In *People v. Walker* (2002) 29 Cal.4th 577 (*Walker*), a majority of this court concluded that a failure to appear on a felony charge under section 1320.5 can also be the basis of a section 12022.1 enhancement for committing a new felony offense while released from custody for the original felony offense. Although in *Walker* we were not confronted with a scenario in which the underlying felony charge is ultimately reduced to a misdemeanor, we discussed the apparent different legislative purposes behind sections 1320.5 and 12022.1 and rejected the contention that the application of both would constitute improper double punishment. (*Walker*, at pp. 588-589.)

30

In so doing, a majority of this court explained that sections 1320.5 and 12022.1 serve different purposes. The majority observed that the primary purpose of section 1320.5 is to deter the act of jumping bail and that it requires punishment "whether or not the defendant ultimately is convicted of the charge for which he or she was out on bail when failing to appear in court as ordered." (*Walker*, *supra*, 29 Cal.4th at p. 583.) This is in contrast to the extended purpose for imposing a section 12022.1 enhancement, which not only deters bail jumping, but further targets recidivist offenders by requiring *convictions* for both the primary felony offense for which the defendant was released on bail as well as for the secondary felony offense the defendant committed while released on bail. We recognized that the recidivist focus of section 12022.1, in requiring convictions for both offenses, reflected such offenders "as being particularly deserving of increased punishment for their on-bail recidivism" and as being "more blameworthy than defendants who willfully fail to appear for felony charges that ultimately are dismissed or reduced, or result in acquittal." (*Walker*, at p. 584.)

In addition to section 1320.5's purpose of deterring bail jumping, we further observed that the statutory language states that the crime applies to any person " 'charged with *or* convicted of' " commission of a felony while released from custody on bail. (*Walker*, *supra*, 29 Cal.4th at p. 583, quoting § 1320.5.) We also quoted a Senate Bill analysis regarding section 1320.5 stating that the crime would apply " 'even if the defendant was the victim of misidentification or was acquitted on the underlying charge.' " (*Walker*, at p. 583, quoting Assem. Com. on Crim. Law & Pub. Safety, analysis of Sen. Bill No. 395 (1983-1984 Reg. Sess.) p. 2.)

Thus, considering that a section 1320.5 conviction does not require the bail jumper's felony charge to have resulted in a felony conviction, or in any conviction at all, the fact that Guiomar successfully petitioned to have his

31

narcotics offense reduced to a misdemeanor under Proposition 47 did not have any collateral effect on his section 1320.5 conviction. Under section 1170.18, subdivision (k), Guiomar's "felony conviction" for his narcotics offense became "a misdemeanor for all purposes," but that did not alter the fact that he had been *charged* with a felony when he failed to appear while on bail for that felony charge. Accordingly, under these circumstances, Guiomar's conviction for section 1320.5 does not qualify for resentencing under Proposition 47.

**F. Resentencing Procedures for Proposition 47 Related Enhancements**

As we have previously noted, nothing in Proposition 47 expressly provides a mechanism for recalling and resentencing a judgment because a prior underlying felony conviction supporting an enhancement in that judgment has been reduced to a misdemeanor. Instead, Proposition 47's procedures focus on the resentencing and redesignation of felony *convictions* and not the resentencing, redesignation, or dismissal of enhancements or other crimes predicated on the existence of a prior felony.

Accordingly, because Proposition 47 does not provide a specific mechanism for recalling and resentencing a judgment solely because a felony-based enhancement has been collaterally affected by the reduction of a conviction to a misdemeanor in a separate judgment, we will describe other available procedural mechanisms to strike such enhancements.

*1. The full resentencing rule*

We have held that when part of a sentence is stricken on review, on remand for resentencing "a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances." (*People v. Navarro* (2007) 40 Cal.4th 668, 681, citing *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259 ["upon remand for resentencing after the reversal of

32

one or more subordinate counts of a felony conviction, the trial court has jurisdiction to modify every aspect of the defendant's sentence on the counts that were affirmed, including the term imposed as the principal term"].)

Similarly, in considering not only Proposition 47, but also analogous statutes addressing recalled sentences, the Courts of Appeal have concluded that, under the recall provisions of section 1170, subdivision (d), the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall. (*People v. Burbine*, *supra*, 106 Cal.App.4th 1250, 1258; *People v. Sanchez* (1991) 230 Cal.App.3d 768, 772; *People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457-1458; *People v. Hill* (1986) 185 Cal.App.3d 831, 834.) In this situation, we have recognized that the resentencing court may consider "any pertinent circumstances which have arisen since the prior sentence was imposed." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) This principle, which we shall call the "full resentencing rule," has also been applied to recall and resentencing provisions enacted by Proposition 36, the Three Strikes Reform Act of 2012. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118.) Finally, several Courts of Appeal have upheld the modification of every aspect of a defendant's sentence by a resentencing court following a successful petition to recall only part of that sentence under Proposition 47. (*In re Guiomar*, *supra*, 5 Cal.App.5th 265, 272-275; *People v. Cortez* (2016) 3 Cal.App.5th 308, 317; *People v. McDowell* (2016) 2 Cal.App.5th 978, 982; *People v. Roach* (2016) 247 Cal.App.4th 178, 183; *People v. Rouse* (2016) 245 Cal.App.4th 292, 300; *People v. Sellner* (2015) 240 Cal.App.4th 699, 701-702.)

In *People v. Buycks* (S231765), the Court of Appeal properly recognized this rule, even though defendant's conviction became final just over a week before Proposition 47 took effect. (See § 1237.5; Cal. Rules of Court, Rule 8.308(a).) When the trial court conducted a full resentencing of defendant in the present

33

matter for his Proposition 47 eligible petty theft with a prior conviction, the Court of Appeal explained, "it was required to reevaluate the applicability of section 12022.1 *at that time*," considering the fact that his primary offense conviction had become a misdemeanor conviction.[14] Thus, notwithstanding the *Estrada* rule, a person may petition for recall of his or her current sentence under section 1170.18, subdivision (a), upon which the trial court, when it resentences on the eligible felony conviction, must also resentence the defendant generally and must therefore reevaluate the continued applicability of any enhancement based on a prior felony conviction.

This application of the full resentencing rule to an otherwise final judgment is also consistent with section 1170.18, subdivision (n), which states: "Resentencing pursuant to this section does not diminish or abrogate the finality of judgments *in any case* that does not come within the purview of this section." (Italics added.) This subdivision emphasizes that, when a final judgment in a case cannot be opened for resentencing under the procedures created by section 1170.18, the judgment remains final even if it contains a prison prior enhancement or an on-bail enhancement as to which the underlying felony has been reduced to a

---

**14**     In supplemental briefing, the Attorney General concedes that the resentencing court was required to reconsider the continued applicability of the section 12022.1 enhancement, but contends the authority to strike it is not mandatory but is subject to section 1385, which gives a court the discretion to dismiss "in furtherance of justice." (§ 1385, subd. (a).) We reject this contention because, as explained above, the authority to dismiss such an enhancement stems from section 1170.18, subdivision (k), which *mandates* that a reduced felony conviction "shall be considered a misdemeanor for all purposes." Moreover, a nondiscretionary application of section 1170.18, subdivision (k) is consistent with Proposition 47's mandate that the act "shall be broadly construed to accomplish its purposes," and that its provisions "shall be liberally construed to effectuate its purposes." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §§ 15, 18, p. 74.)

misdemeanor. But section 1170.18's exception to this rule of finality applies not only to individual counts, but to the entire *case* in which the judgment contains at least one felony conviction qualifying for reduction to a misdemeanor under the resentencing procedures of Proposition 47.

Although her judgment was not final when Proposition 47 took effect, in *People v. Valenzuela* (S232900), defendant is also in a similar procedural posture in being able to claim, in conjunction with a Proposition 47 resentencing petition for her conviction for possession of methamphetamine, that her section 667.5 enhancement should be dismissed.

Therefore, at the time of resentencing of a Proposition 47 eligible felony conviction, the trial court must reevaluate the applicability of any enhancement within the same judgment *at that time*, so long as that enhancement was predicated on a felony conviction now reduced to a misdemeanor. Such an enhancement cannot be imposed because at that point the reduced conviction "shall be considered as a misdemeanor for all purposes." (§ 1170.18, subd. (k).) Under these limited circumstances, a defendant may also challenge any prison prior enhancement in that judgment if the underlying felony has been reduced to a misdemeanor under Proposition 47, notwithstanding the finality of that judgment.

### 2. *Petition for writ of habeas corpus*

We also conclude that the collateral consequences of Proposition 47's mandate to have the redesignated offense "be considered a misdemeanor for all purposes" can properly be enforced by means of petition for writ of habeas corpus for those judgments that were not final when Proposition 47 took effect.

The relief we discuss here, under the "misdemeanor for all purposes" language of section 1170.18, subdivision (k), is an ameliorative provision distinct from the ameliorative provisions of subdivisions (a) and (f) of the same statute

35

which provide express mechanisms for reducing felony convictions to misdemeanors. The effect of section 1170.18, subdivision (k), constitutes an ameliorative change to the laws governing the imposition of felony-based enhancements and other collateral consequences, as opposed to an ameliorative change to the law under which the original felony conviction was had. A petition for habeas corpus seeking to vacate a section 667.5 prior prison term enhancement on the ground that it is based on a prior felony theft conviction that has since been reduced to a misdemeanor, for example, would be invoking *Estrada* not to establish the initiative's ameliorative effect on the prior theft conviction, but to show that section 1170.18, subdivision (k) has some retroactive effect to the extent permitted under *Estrada*.

With this understanding, our courts have afforded defendants relief on petition for writ of habeas corpus involving collateral attacks on enhancements. (See *People v. Reyes* (2016) 3 Cal.App.5th 1222, 1227; *In re Ditsch* (1984) 162 Cal.App.3d 578, 583-584; *In re Pritchett* (1994) 26 Cal.App.4th 1754.) We have also recognized more generally that "habeas corpus proceedings may provide a vehicle to obtain relief limited to a new sentencing hearing in the original criminal action, which may result in a different sentence." (*In re Kirchner* (2017) 2 Cal.5th 1040, 1052, fn. 9, citing *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 530, fn. 13; *In re Lewallen* (1979) 23 Cal.3d 274, 282; *In re Levi* (1952) 39 Cal.2d 41, 47.)

Finally, we note that nothing in Proposition 47 precludes the availability of a petition for writ of habeas corpus as an appropriate avenue to seek relief in such cases.

## III. DISPOSITION

In *People v. Buycks* (S231765), the Court of Appeal correctly concluded that because the narcotics offense for which Buycks had been released on his own

recognizance had been reduced to a misdemeanor it was to "be considered as a misdemeanor for all purposes" under section 1170.18, subdivision (k). When Buycks' Proposition 47 petition was granted in his second case, the trial court was obligated to sentence defendant anew in that case and to reevaluate the applicability of the section 12022.1 enhancement at that time. The Court of Appeal correctly concluded that the enhancement could not be reimposed and should be stricken in light of section 1170.18, subdivision (k). Accordingly, the judgment of the Court of Appeal in *People v. Buycks* (S231765) is affirmed.[15]

In *People v. Valenzuela* (S232900), the Court of Appeal held that, despite defendant's successful petition to have her underlying felony reduced to a misdemeanor under Proposition 47, that measure did not relieve her of the one-year section 667.5, subdivision (b) prior felony prison term enhancement. As discussed above, however, section 1170.18, subdivision (k), may affect the validity of enhancements when the underlying felony has been reduced under Proposition 47. Because Valenzuela's judgment in case No. JCF32712 was not final when Proposition 47 took effect, the *Estrada* rule applies to strike her section 667.5, subdivision (b) prior felony prison term enhancement. Alternatively, because it appears that Valenzuela has a Proposition 47 eligible conviction in case No. JCF32712, if the resentencing court grants her petition to reduce that conviction to a misdemeanor, the court must resentence her anew in that case, and it will be required to reevaluate the applicability of the section 667.5 enhancement

---

[15]     Because the resentencing court had imposed the maximum possible sentence, regardless of whether the two-year on-bail enhancement was stricken, there is no need to remand the matter to the trial court to exercise its sentencing discretion anew.

at that time.  Accordingly, the judgment of the Court of Appeal is reversed and remanded for proceedings consistent with this opinion.

In *In re Guiomar* (S238888), the Court of Appeal held that, despite Guiomar's successful petition to have his underlying felony reduced to a misdemeanor under Proposition 47, that measure did not relieve him of his conviction of felony failure to appear under section 1320.5.  As discussed above, the Court of Appeal correctly determined that Proposition 47 did not affect his status as a person charged with a felony at the time of his failure to appear, and that his successful petition in case No. SS131650A to have his felony possession of a controlled substance conviction reduced to a misdemeanor did not affect the validity of his section 1320.5 conviction.  Accordingly, the judgment of the Court of Appeal is affirmed.

**CANTIL-SAKAUYE, C. J.**

**WE CONCUR:**

**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**BRUINIERS, J.***

_____

\* Associate Justice of the Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Buycks, People v. Valenzuela and In re Guiomar
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding** XXX
**Review Granted** XXX 241 Cal.App.4th 519 & 244 Cal.App.4th 692
**Rehearing Granted**

_____

**Opinion No.** S231765, S232900 & S238888
**Date Filed:** July 30, 2018
_____

**Court:** Superior
**County:** Los Angeles, Imperial & Monterey
**Judge:** James D. Otto, Christopher J. Plourd, Pamela L. Butler & Lydia M. Villarreal

_____

**Counsel:**

Richard L. Fitzer, under appointment by the Supreme Court, for Defendant and Appellant Stevenson Buycks.

Stephen P. Lipson, Public Defender (Ventura) and Michael C. McMahon, Chief Deputy Public Defender, for California Public Defenders Association and Public Defender of Ventura County as Amici Curiae on behalf of Defendant and Appellant Stevenson Buycks.

Steven J. Carroll and Helen Irza, under appointments by the Supreme Court, for Defendant and Appellant Laura Reynoso Valenzuela.

William J. Arzbaecher III for California Public Defenders Association as Amicus Curiae on behalf of Defendant and Appellant Laura Reynoso Valenzuela.

Jonathan Grossman, under appointment by the Supreme Court, for Petitioner John Manuel Guiomar.

Kamala D. Harris and Xavier Becerra, Attorneys General, Edward C. DuMont, State Solicitor General, Janill L. Richards, Principal Deputy State Solicitor General, Joshua A. Klein, Deputy State Solicitor General, Samuel P. Siegel, Associate Deputy State Solicitor General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Mary Sanchez and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent in No. S231765.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steven T. Oetting, Deputy State Solicitor General, Charles C. Ragland, Scott C. Taylor, Meredith S. White and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent in No. S232900.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Eric D. Share, Seth K. Schalit, Donna M. Provenzano and Amit Kurlekar, Deputy Attorneys General, for Petitioner in No. S238888.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Richard L. Fitzer
6285 East Spring Street, 276N
Long Beach, CA  90808
(562) 429-4000

Helen Irza
Appellate Defenders, Inc.
555 West Beech Street, Suite 300
San Diego, CA  92101
(619) 696-0282

Jonathan Grossman
Sixth District Appellate Program
95 South Market Street, Suite 570
San Jose, CA  95113
(408) 241-6171

Marvin E. Mizell
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA  92101
(619) 738-9139